Approved: *[signature]*

KEVIN MEAD
Assistant United States Attorney

**20M9633**

Before: THE HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

------------------------------------X
                                    :
UNITED STATES OF AMERICA            :   <u>SEALED COMPLAINT</u>
                                    :
                                    :   Violations of 18 U.S.C.
            -v.-                    :   §§ 1951, 924(c), and 2
                                    :
HUGGINS ORELIEN,                    :   COUNTY OF OFFENSE:
                                    :   BRONX
                Defendant.          :
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      AYESHA WINSTON, being duly sworn, deposes and says that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and charges as follows:

<u>COUNT ONE</u>
(Hobbs Act Robbery)

      1.   On or about December 4, 2019, in the Southern District of New York and elsewhere, HUGGINS ORELIEN, the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ORELIEN robbed a provider of commercial sexual services in the Bronx.

(Title 18, United States Code, Sections 1951 and 2.)

<u>COUNT TWO</u>
(Firearm Use, Carrying and Brandishing)

       2.   On or about December 4, 2019, in the Southern District of New York and elsewhere, HUGGINS ORELIEN, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

       The bases for my knowledge and the foregoing charges are, in part, as follows:

       3.   I have been involved in the investigation of this matter, and I base this affidavit on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports and records.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

       4.   Based on my review of law enforcement reports, my conversations with other law enforcement officers, and my conversations with the victim (the "Victim"), I have learned the following:

       a.   The Victim is a provider of commercial sexual services who had scheduled an appointment with an individual at a hotel room in the Bronx (the "Hotel Room") for on or about December 4, 2019.

       b.   On or about December 4, 2019, an individual ("Individual-1") appeared at the Hotel Room for the appointment with the Victim.  Individual-1 then brandished a firearm and allowed another individual ("Individual-2" and, together with Individual-1, the "Robbers") into the Hotel Room.

       c.   During the Robbery, one of the Robbers pointed a firearm at the Victim.

       d.   During the Robbery, the Robbers used tape (the "Tape") to restrain the Victim while they searched the Hotel Room for valuables.

e. The Robbers stole approximately $4,000 in cash, a Bulova watch, several perfumes, two Samsung cellphones, and several credit cards from the Victim.

f. The Victim sought out clients by advertising online at CityXGuide, a website that has since been seized and shut down by the Department of Justice for promoting prostitution and sex trafficking. The Victim stated that the Robbers found her through CityXGuide. I know from my training and experience that CityXGuide is accessible across state lines, and the Victim further stated that she believed some of her clients came from other states.

5. Based on my conversations with law enforcement officers and my review of law enforcement reports, I have learned that a DNA sample was successfully recovered from the Tape. From the same sources, I have further learned that the DNA sample taken from the Tape matches the DNA of HUGGINS ORELIEN, the defendant, in a DNA database. The DNA in the database was taken from ORELIEN in connection with a prior criminal conviction.

6. I have reviewed surveillance video that shows one male individual enter the Hotel Room at approximately 7:20 p.m. and another male individual enter the Hotel Room at approximately 7:24 p.m. One of those individuals leaves the Hotel Room at approximately 7:33 p.m. and the other individual leaves the Hotel Room at approximately 7:34 p.m. I know that is consistent with the Victim's reporting of the Robbery by the two Robbers.

7. I have learned the following information about call records and cellsite data that confirms that HUGGINS ORELIEN, the defendant, is one of the two Robbers:

a. For the following reasons, I know that HUGGINS ORELIEN, the defendant used a particular phone number ending in 2628 (the "2628 Number"):

i. Based on my conversations with law enforcement officers and my review of law enforcement reports, I have learned that a 911 call was made using a phone number ending in 2628 (the "2628 Number") on December 2, 2019, two days before the Robbery. I have listened to that 911 call and learned that: 1) the caller identifies himself by name as "Huggins Orelien," and 2) the caller gives the 2628 Number as his phone number.

          ii.    I know from my review of law enforcement reports that ORELIEN was arrested on or about April 24, 2020, and gave his phone number as the 2628 Number.

      b.    Based on my conversations with law enforcement officers and review of law enforcement reports, I have learned the phone number of the Victim (the "Victim Phone"). Based on my conversations with the Victim, I have learned that the Victim did not know the identity of either of the perpetrators, but communicated with them by cell phone in the days before the Robbery in order to arrange a meeting in the hotel room where the Robbery was eventually committed.

      c.    I have reviewed toll records from the Victim Phone which show several communications between the Victim Phone and the 2628 Number in the days leading up to the Robbery.

      d.    On or about March 12, 2020, the Hon. Ona T. Wang, United States Magistrate Judge for the Southern District of New York, authorized a warrant for historical cellsite information for the 2628 Number (the "Historical Cellsite Warrant").

      e.    I have reviewed the returns of the Historical Cellsite Warrant which show that the 2328 Number was near the hotel in the Bronx at the date and time when the Robbery was committed.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of HUGGINS ORELIEN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

S/ by the Court with consent
_____
AYESHA WINSTON
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to me through the transmission
of this Complaint by reliable electronic
means, pursuant to Federal Rules of
Criminal Procedure 41(d)(3) and 4.1, this
10th day of September, 2020

_____
THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK