UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

HUGGINS ORELIEN,

Defendant.

---

20 Cr. 636 (RMB)
**ORDER**
**(Response to Mandate)**

**Background**

The Court of Appeals for the Second Circuit has affirmed Defendant Huggins Orelien's Hobbs Act jury conviction(s) based upon "robbing a woman of proceeds from her prostitution business." *United States v. Orelien*, No. 23-6175-cr, at 1 (2d Cir. Oct. 3, 2024) (ECF No. 61-2). At the same time, the Second Circuit "vacated" a component of Defendant's criminal sentence, namely a two level obstruction of justice enhancement for willfully lying at a suppression hearing held by the District Court on November 4, 2021 ("Suppression Hearing").[1] The Court of Appeals has asked the District Court for a finding as to whether Orelien lied with "willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory[,]" *id.* at 45; and has directed the District Court to either "retain[] the enhancement with the required finding" or "resentence Orelien without the enhancement." *Id.* at 46.

The District Court hereby confirms (retains) that, by a preponderance of the evidence, Orelien lied with willful intent when he testified under oath at the Suppression Hearing that he

---

[1] The District Court determined at Defendant Orelien's sentencing on February 8, 2023 that Defendant's guidelines range was 77 to 96 months of incarceration based upon an offense level of 24, and a criminal history category IV. The Court sentenced Defendant Orelien to 96 months of incarceration and 3 years of supervised release.

1

ingested oxycodone for the first time ever on September 15, 2020. *See* Suppression Hr'g Tr., dated Nov. 4, 2021, at 70:5–6 (ECF No. 39). "I invited my friend to a party. He came like 3:00 in the morning. And then he was telling me do I want to try this pill, they're called oxycodone. Then he gave me half of the pill and I pop it . . . **[T]hat was my first time trying [oxycodone]**." *Id.* at 69:25–70:6 (emphasis added).

## **Willful Intent**

Defendant's statement that he used oxycodone the "first time" on the night before his arrest on September 15, 2020 was untrue. It was, in fact, a lie with willful intent. And, it was contradicted in several ways, including the following: **(i)** Defendant Orelien reported to the Probation Department's Pretrial Services officer on September 15, 2020 that he had been abusing prescription opiates "beginning at age 19." Pretrial Servs. Rep., dated Sept. 15, 2020, at 3; **(ii)** Defendant Orelien reported to the Probation Department's Pre-Sentence preparer that he had tried oxycodone on one occasion when he was 18 or 19 years old and that there was no subsequent use of oxycodone. *See* Presentence Rep., dated Oct. 6, 2022 ("PSR"), ¶¶ 61–62 (ECF No. 82);[2] and **(iii)** the Court's "find[ing] that Mr. Orelien knowingly and voluntarily waived his *Miranda* rights," notwithstanding Defendant Orelien's lies about his lack of familiarity with his *Miranda* rights and waiver in the Suppression Hearing.[3] 1/12/22 Hr'g Tr., dated Jan. 12, 2022, at 5:17–20 (ECF No. 48); Sent'g Tr., dated Feb. 8, 2023, at 6:14, 8:11–13 (ECF No. 96).

---

[2] The Court advised Defendant Orelien on July 15, 2022 just how important it was to be truthful with the officer who prepared the Presentence Report. "[I]f you don't disclose something that [Probation] ask[s] about, and they find it out themselves, they may say that you were not being truthful with them, and that might not be helpful to you." Trial Tr., dated July 15, 2022, at 438:6–8 (ECF No. 79).

[3] Defendant Orelien testified as follows: DEF. ATT'Y ABATE: "Mr. Orelien, did you understand that you were giving up your [*Miranda*] rights?" DEFENDANT: "No." DEF. ATT'Y ABATE: "Did you understand the rights when they were being read to you at that time?" DEFENDANT: "No." DEF. ATT'Y ABATE: "If you had understood the rights that were being read to you, would

In addition to the Court's review of the record in this case, the Court had the opportunity to assess Defendant's demeanor and his truthfulness (and his willful untruthfulness) and to conclude that Defendant Orelien lied with willful intent when he said he had used oxycodone for the first and only time on September 15, 2020. *See Ortega v. Duncan*, 333 F.3d 102, 107 (2d Cir. 2003) (recognizing the factfinder's "unique ability to assess the witness" and to make credibility determinations); *Doe v. Menefee*, 391 F.3d 147, 164 (2d. Cir. 2004) ("district courts are generally best placed to evaluate testimony"). "The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

**Previous Finding**

At Defendant Orelien's sentencing on February 8, 2023, the Court made the following finding: "I find that Mr. Orelien gave untrue, [material] false testimony under oath during the course of a suppression hearing [held on November 4, 2021], and that those untrue statements were material to the Court's determination . . . . [T]he obstruction of justice enhancement does apply by a preponderance of the evidence." *See* Sent'g Tr. at 5:5–9. The Court also found that "in particular, . . . [Orelien] lied about taking . . . a half of a pill of Oxycodone the night before he was arrested[.]" *Id.* at 6:4–7. "If a defendant willfully obstructed or impeded or attempted to obstruct or impede the administration of justice . . . and the obstructive conduct related to the defendant's offense of

---

you have signed that [*Miranda* waiver] form?" DEFENDANT: "No." Suppression Hr'g Tr. at 76:17–25. Defendant's statements were willful. The Court found that "although English is not [Defendant's] first language, he is fluent in English. . . . [D]efendant who has been arrested previously is and was fully familiar with the *Miranda* warnings and his waiver of *Miranda* rights based on a personal experience. . . . [A] video recording of a prior arrest and . . . *Miranda* rights waiver[] was admitted into evidence at the hearing as Government Exhibit Four. . . . [D]efendant was advised of his *Miranda* rights twice in the instant case. Once in the car by Officer Chevere and once in the law enforcement office by Agent Winston at the ATF field office." *Id.* at 6:21–7:8.

conviction . . . increase the offense level by two, **which is what I have done in doing the [enhancement] assessment.**" *Id.* at 5:11–17 (emphasis added). The "obstruction of justice enhancement [wa]s appropriate . . . [because] in his sworn suppression testimony, Mr. Orelien perjured himself when he discussed his drug use[.]" *Id.* at 6:12–15.

**<u>Conclusion and Order</u>**

The Court found on February 8, 2023 (and confirms herein) the following: "I'm finding that [Defendant Orelien willfully] **lied about taking a drug**, I think it was a half of a pill of oxycodone the night before he was arrested and was speaking to police officers; and also, in addition to that [written] transcript, I agreed wholeheartedly with the Government's analysis of this . . . that the obstruction of justice enhancement is appropriate in this case; and in particular, that in his sworn suppression testimony, Mr. Orelien perjured himself when he discussed his drug use. . . . The government also suggests that there are other untruths [of the Defendant] . . . but that one [regarding Oxycodone] in particular supports the enhancement. So, the enhancement generally includes perjury committed during a suppression hearing." *Id.* at 6:5–19. "[T]he standard is by a preponderance of the evidence . . . . [T]he Defendant willfully and materially committed perjury, which is intentional giving of false testimony as to a material matter." *Id.* at 6:20–23.

Based upon the foregoing, the Court confirms (retains), by a preponderance of the evidence, that Orelien lied with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. As the Court of Appeals has directed the District Court to either "retain[] the enhancement with the required finding" or "resentence Orelien without the enhancement," the Court retains the obstruction of justice enhancement. *Orelien*, No. 23-6175-cr, at 46.

Date: June 25, 2025  
New York, New York

                                                                      _____  
                                                                      **RICHARD M. BERMAN, U.S.D.J.**